IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL UYLAKI, | ) | |
| | ) | 08 CV 3692 |
| Plaintiff, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | |
| SHERIFF OF COOK COUNTY, and | ) | Jury demand |
| COOK COUNTY, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants through their attorney RICHARD A. DEVINE, STATE'S ATTORNEY OF COOK COUNTY by his Assistant State's Attorney Francis J. Catania, and for their answer to Plaintiff's Complaint, each defendant states as follows:

1. This is a civil action arising under 42 U.S.C. §§ 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

    ANSWER:    Admitted

2. Plaintiff Michael Uylaki is a resident of Hammond, Indiana.

    ANSWER:    Admitted

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity, only.

    ANSWER:    Admitted

4. In June of 2006, plaintiff was admitted to the Cook County Jail as a pre-trial detainee.

    ANSWER:    Denied.

5. As part of his admission to the jail, plaintiff was subjected to the non-consensual insertion of a swab into his penis, which unreasonably invaded his privacy, constituted an unauthorized medical procedure, and caused personal injury and discomfort.

ANSWER: Denied.

6. The insertion of the swab, which was conducted in a manner likely to produce false indications of disease, was conducted in accordance with an explicit policy.

ANSWER: Denied.

7. As the direct and proximate result of the above referred policy, plaintiff incurred pain and suffering, severe emotional distress, and was deprived of rights secured by the Fourth and Fourteenth Amendments.

ANSWER: Denied.

## AFFIRMATIVE DEFENSES

NOW COME Defendants through their attorney RICHARD A. DEVINE, STATE'S ATTORNEY OF COOK COUNTY by his Assistant State's Attorney Francis J. Catania, and in the alternative, each defendant states their Affirmative Defenses as follows:

1) The Plaintiff has failed to state a claim for a constitutional violation upon which there is entitlement to relief.

2) Defendants are entitled to raise the defense of discretionary immunity because: (1) the conduct involves an element of public health judgment or choice by the government entity and (2) the action or decision was based on public policy considerations.

3) Plaintiff, by his own admission, his statements, his actions, and/or his failures to act, including providing information to treating medical staff or their agents regarding his medical or mental condition was the legal and proximate cause of any injury perceived to have been suffered.

4) Plaintiff knowingly consented to medical screening, including STD testing.

5) Sheriff asserts that medical screening is conducted by persons who are not his employees and over whom he has no control and that no policy of his compels screening, however federal precedent requires medical screening to be performed, and therefore the Sheriff is not liable.

5) County asserts that medical screening for communicable diseases is a constitutionally **required** function of jail medical providers and therefore County is not liable.

6) According to the holding of *Monell v. New York Department of Social Services*, a municipality cannot be held vicariously liable for the acts of its employees for civil rights violations. Pursuant to the holding, § 1983 liability can only be imposed on a government or municipal entity that, under the color of some official policy, "causes" an employee to violate another's constitutional rights. In other words, a municipal policy, regulation or ordinance must be the actual source of the discrimination and must be causally related to the violation of another's constitutional rights. No policy of the County causes such a violation.

## JURY DEMAND

Defendants demand a trial by twelve jurors, consistent with the 7th Amendment.

WHEREFORE, Defendants request that judgment be entered in their favor and against the plaintiff and that the claims be dismissed. Defendants also ask that the Court grant such additional relief as may be appropriate.

Respectfully submitted,
/s/ Francis J. Catania ARDC #6203188
Attorney for Sheriff and County of Cook

Francis J. Catania #ARDC 6203188
RICHARD A. DEVINE
Cook County State's Attorney
Richard J. Daley Center
50 W. Washington Street, Room 500
Chicago, IL 60602
(312) 603-6572